IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Marshall DeWayne Williams, | ) | Case No. 5:24-cv-00585-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Bennettsville FCI, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a federal prisoner proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On April 15, 2024, Respondent filed a motion to dismiss. ECF No. 19. Petitioner filed a response in opposition. ECF No. 24. On January 3, 2025, the Magistrate Judge issued a Report. She notes that she considered matters outside the pleadings and, thus, considered Respondent's motion as one for summary judgment. ECF No. 60. She recommends granting Respondent's motion and dismissing the petition without prejudice.[1]  *Id*. The Magistrate Judge advised Petitioner of the procedures and

---

[1] The Magistrate Judge further recommended denying as moot Petitioner's various motions conditioned on acceptance of the recommendation as to the motion to dismiss. *See* ECF Nos. 18, 25, 32, 33, 43, 54, 55.

1

requirements for filing objections to the Report and the serious consequences for failing to do so.  Petitioner filed objections.  ECF No. 67.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  The Court has considered Respondent's motion as one for summary judgment.  Because Petitioner filed objections, the Court's review of the Report, the record, and the applicable law is de novo.

2

In the Petition, Petitioner raises two substantive grounds for relief:

> GROUND ONE: Petitioner claims that his constitutional due process rights are being violated by the Warden and Federal Bureau of Prisons through miscalculation of flat time and good conduct time (GCT) resulting in a loss of jurisdiction to continue custody where petitioner has already fully served in excess of the statutory maximum. See Marshall DeWayne Williams v. Warden, 790 Fed. Appx. 8 (5th Cir. Jan 15, 2020) (ordering petitioner released at 36 years and 8 months).
>
> GROUND TWO: Petitioner claims that his constitutional/Fifth Amendment right to due process is being violated through execution of a sentence that is void for want of statutory jurisdiction—where the 99 year sentence exceeds the statutory maximum without jury approval.

ECF No 1 at 5–13.[2] As noted above, the Magistrate Judge recommended that summary judgment be granted as to both grounds.

Petitioner filed lengthy and, at times, difficult to interpret, objections.[3] In his first objection, he challenges the Magistrate Judge's impartiality and alleges he talked to her on the phone while impersonating an Assistant United States Attorney. ECF No. 67 at 2–5. The Court is unsure of the purpose of this objection, other than to generally support

---

[2] Petitioner raises a third ground, which states: "All prior claims, statutes, decisional law, memoranda, and arguments in all case mentioned above are hereby fully incorporated by reference." ECF No. 1. As noted by the Magistrate Judge, this ground does not raise a substantive habeas ground and is not addressed in the Report or in this Order.

[3] This document is sworn under penalty of perjury and the Court has considered it as such. ECF No. 67 at 17. See 28 U.S.C. § 1746 (providing that a declaration under penalty of perjury can satisfy a requirement for a sworn declaration).

his overall contention that the United States Parole Commission ("USPC") does not exist. As noted by the Magistrate Judge, the USPC does exist. *See, e.g.*, *Woods v. Ray*, No. 5:22-CV-294, 2023 WL 7042550, at *6 (N.D.W. Va. May 18, 2023), *aff'd*, No. 23-6565, 2023 WL 7000793 (4th Cir. Oct. 24, 2023) ("Even though the Parole Commission and Reorganization Act, codified at 18 U.S.C. §§ 4201–4218, which granted the U.S. Parole Commission the authority to grant or deny parole for federal prisoners, was repealed under the Comprehensive Crime Control Act of 1984, it remains in effect for persons, like petitioner, who committed their crimes before November 1, 1987."); *Turner-Bey v. Cushwa*, No. CV SAG-23-1863, 2024 WL 1374803, at *2 (D. Md. Apr. 1, 2024); *United States v. Gaffney*, No. 1:95-CR-53 (LMB), 2022 WL 888350, at *2 (E.D. Va. Mar. 25, 2022); *Woods v. Ray*, No. 5:22-CV-294, 2023 WL 7042550, at *6 (N.D.W. Va. May 18, 2023), *aff'd*, No. 23-6565, 2023 WL 7000793 (4th Cir. Oct. 24, 2023) (all recognizing the continued existence of the USPC). *See also* https://www.justice.gov/uspc (the website for the USPC where the FAQs were last updated on February 4, 2025) (last visited on February 19, 2025). Thus, any such objection is overruled.[4]

---

[4] The existence of the USPC is a consistent issue in this case in that Petitioner is convinced that it does not exist and, therefore, refuses to avail himself of its important functions, including parole hearings. *See generally Hunter v. U.S. Parole Comm'n*, 406 F. App'x 879, 880 (5th Cir. 2010). The Court will address this issue where necessary but as it runs through all of Petitioner's objections, the undersigned will not address it every time it is raised.

In his second objection, Petitioner objects to the Magistrate Judge's taking judicial notice of his prior cases without a hearing. ECF No. 67 at 5. The Court finds that the Magistrate Judge properly took judicial notice of court records and was not required to hold a hearing to do so. Accordingly, the objection is overruled.

In his third objection, Petitioner objects to "the criteria set out in the 'analysis' of 'Ground One.'" *Id.* at 6–8. He states that he is objecting to pages 4–5 of the Report. Upon review, these pages set out the arguments of the parties, which the Court finds to be an accurate summary. Accordingly, any objection to these pages is overruled.

In his fourth objection, Petitioner objects to the Magistrate Judge's conclusion that "the [Bureau of Prisons ("BOP")] has correctly calculated and applied Petitioner's statutory good time [("SGT")] credits." ECF No. 67 at 8–9. This objection concerns pages 6–8 of the Report in which the Magistrate Judge analyzes Petitioner's sentence calculation. Upon review, the Court agrees with the Magistrate Judge. Petitioner takes issue with the fact that the BOP is applying his earned SGT credits to the end of his sentence rather than vesting them as they are earned. He contends that he will be forced to serve his sentence until 2093 and then the SGT credits will be applied. There has been no such discussion in the Report. Accordingly, this objection is overruled.

In his fifth objection, Petitioner objects to the Magistrate Judge's recitation of Respondent's assertion that he "is eligible for a [18 U.S.C.] § 4206(d) hearing" on page 9 of the Report and contends that such a statement amounts to fraud. *Id.* at 9. First, this statement by the Magistrate Judge is an accurate summary of Respondent's argument.

5

Second, to the extent Petitioner's objection is based upon his theory that the USPC no longer exists, this has been addressed. Accordingly, this objection is overruled.

In his sixth objection, Petitioner objects to the Magistrate Judge's footnote on page 10. *Id.* at 9–11. Again, this entire objection appears to be predicated on Petitioner's belief that the USPC does not exists and, thus, no parole hearing is available to him. Petitioner also restates his previous allegation that he is being told he must serve 109[5] years before he is eligible for parole or the application of his SGT credits. As previously stated, these beliefs are mistaken and the objection is overruled.

In his seventh objection, Petitioner objects to the Magistrate Judge's conclusion that he is not entitled to federal habeas relief as to Ground One. *Id.* at 11–12. He again contends that his SGT credits are being improperly applied and states that this Ground has nothing to do with the USPC. As previously noted, the Magistrate Judge has not concluded that Petitioner must serve his entire sentence day-for-day before his SGT credits will be applied. Further, his contention that the USPC has been improperly brought into this issue overlooks the fact that his insistence that he cannot obtain relief through

---

[5] The 109-year total is the result of district court amended sentence imposing a 99-year term of incarceration on Count 1, and 10-year terms on Counts 2 and 3 to run concurrently with each other and consecutively to Count 1, for a total sentence of 109 years.

the USPC is both unsupported and significant to his current request.[6] Accordingly, this objection is overruled.

In his eighth objection, Petitioner objects to the Magistrate Judge's statement that "the appropriate remedy is not the release of the inmate, but to hold a § 4206 hearing as soon as possible." *Id.* at 12. This objection is based upon his belief that the USPC does not exist.[7] He further contends that his evidence is being ignored. He may also be objecting to the Magistrate Judge analysis that SGT credits are not applied to parole date but rather to the full term release date.

As stated throughout this Order, the USPC does exist; moreover, there is no indication that any evidence submitted by Petitioner was not considered in issuing the

---

[6] At several points in his objections, Petitioner seems place particular emphasis on the "mandatory" portion of his mandatory parole date. As explained in a footnote in the Report,

> "'[M]andatory' parole for eligible offenders (those serving sentences of five years or more and who are eligible for parole) at the two-thirds point is not a certainty; this parole is expressly conditioned upon a Parole Commission finding that the inmate will not be a risk to himself or society and it requires that the offender be one who would otherwise be eligible for parole." *See LaMagna*, 494 F. Supp. at 194.

ECF No. 60 at 8 n.6.

[7] Petitioner makes a general allegation that the Magistrate Judge engaged in ex parte communication because he contends that he spoke to her while impersonating an Assistant United States Attorney. As Petitioner has not requested any further action be taken, the Court declines to address this further.

Report when appropriate. All of Petitioner's filings have also been reviewed by this Court and considered in making this ruling. To the extent Petitioner contends that his SGT credits should be applied to his mandatory parole date, he is incorrect. As explained in more detail by the Magistrate Judge, SGT credits do not count towards a prisoner's mandatory parole date. ECF No. 60 at 7 (citing *LaMagna v. U.S. Bureau of Prisons*, 494 F. Supp. 189, 193–94 (D. Conn. 1980)). Upon review, the Court agrees with the Magistrate Judge's well-reasoned analysis. Accordingly, this objection is overruled.

In his ninth objection, Petitioner objects to the Magistrate Judge's conclusion that he "is not entitled to a court ordered mandatory parole hearing." ECF No. 67 at 13. He states that he would not request such relief and that he has not requested such relief. To the extent this needs to be addressed at all since Petitioner states that he is not seeking relief to which he is not entitled, the Court notes that it agrees with the Magistrate Judge that Petitioner is not entitled to a court-ordered mandatory parole hearing. This finding is premised upon the fact that Petitioner has not established he has been prejudiced by the failure to hold a parole hearing prior to the expiration of his mandatory parole date. The issue of prejudice is addressed in the next objection, so the Court will continue its discussion of prejudice below. Petitioner's ninth objection is overruled.

In his tenth objection, Petitioner objects to the Magistrate Judge's finding that he has failed to establish prejudice because he has refused to participate in a parole hearing. *Id.* at 13. He contends that he is being prejudiced because he is being unlawfully held in custody. He states that the delay in the process has prejudiced him and asserts that he

8

has no recourse outside of this court. He reiterates his belief that the USPC does not exist. As stated several times throughout this order, Petitioner's conclusion that he has no recourse outside of this court is incorrect. The UDPC does exist and is available to him to request a parole hearing. There is no indication that he has attempted to set such a hearing and has been denied. As to the Magistrate Judge's prejudice analysis, she details the ways in which Petitioner has continued to refuse to participate in any parole hearing. *See* ECF No. 60 at 13. The Court agrees that the fact that Petitioner has consistently refused to engage in the parole process while stating that he is being illegally detained is detrimental to his claims of prejudice. Further, as the Magistrate Judge points out in footnote 9 on page 14 of the Report, failure to hold a § 4206 hearing does not entitle an inmate to release. *See also Walker v. Adams*, 151 F.3d 1034 (7th Cir. 1998). Accordingly, this objection is overruled.

As Petitioner's objections now turn to Ground Two, the Court takes this opportunity to briefly discuss the remainder of the Magistrate Judge's discussion of Ground One. As noted above, the Court has reviewed the entirety of the Report de novo. Upon such review, the Court agrees with the Magistrate Judge's extensive analysis regarding the calculation of all of the relevant dates of Petitioner's sentence, what relief he is entitled to, and how his sentence and eligibility has been calculated.

In his eleventh objection, Petitioner pivots to Ground Two and objects to the Magistrate Judge's determination that relief pursuant to § 2241 is unavailable. He lists two subpoints under this objection, which the Court will address in turn.

9

First, Petitioner contends that he has cited cases that state that § 2241 is the only vehicle for relief as to Ground One. ECF No. 67 at 14. He reiterates his concerns regarding the vesting of SGT credit and contends that the percentage of time served is incorrect on the exhibits submitted by Respondent.

As explained above, and in more detail by the Magistrate Judge, Petitioner is not entitled to relief on Ground One pursuant to § 2241. Moreover, he has not alleged that he has been denied any programming based on an incorrect percentage of time served noted in his records in the petition, the response in opposition, or the objections. Accordingly, this objection is overruled.

Second, Petitioner states that § 2241 is the only vehicle for relief as to Ground Two. *Id.* at 14–15. He contends the Magistrate Judge is "simply putting more work on the Fifth Circuit and the sentencing district court by trying to dodge the law and enforce justice quickly" and states that he cannot meet the requisite standard for filing a second or successive [28 U.S.C.] § 2255 petition in the sentencing court. He contends that this case is an "exceptional circumstance[]." Petitioner next argues that the Magistrate Judge failed to consider that the Fifth Circuit has imposed two sanctions against him. He asserts that the Fifth Circuit is tired of dealing with his case and is "passing the buck" to this Court.

As explained in more detail by the Magistrate Judge, Petitioner has failed to meet the savings clause test. *See Jones v. Hendrix*, 599 U.S. 465 (2023); *see also* ECF No. 60 at 15–17. Petitioner's challenge to his 99-year sentence as "the functional equivalent of [a] life [sentence]" is unquestionably a challenge to the sentence itself. Therefore, he

must establish that a § 2255 motion is inadequate or ineffective to test the legality of his sentence. In *Jones*, the Supreme Court explained that a § 2255 motion may be inadequate when it is impossible or impracticable for a prisoner to seek relief from the sentencing court. 599 U.S. at 474. Here, Petitioner has made no such showing. To the extent he contends that the sentencing court is unavailable to him based upon the sanctions previously levied against him, this fact does not make the sentencing court unavailable. The Court agrees with the Magistrate Judge that sanctions imposed due to previous frivolous filings in the sentencing court fail to make § 2255 inadequate or unavailable. *See id.* at 478 (holding that "the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court"). Thus, Petitioner's objections are overruled as to Ground Two.

At this point, the Court will briefly address Ground Two as a whole. As with Ground One, the undersigned endeavored to address Petitioner's objections as succinctly and thoroughly as possible. Any portion of Ground Two that is not specifically addressed herein has been reviewed de novo by the undersigned. Upon such review, the Court agrees with the well-reasoned discussion of the Magistrate Judge.

In his twelfth objection, Petitioner asserts that he is entitled to have judicial notice taken as to ECF Nos. 18, 25, 33, and 54. ECF No. 67 at 16. He objects to the recommendation that ECF Nos. 32, 43, and 55 be denied as moot. He contends that his affidavits and citations to law should be acknowledged. He contends that taking judicial

11

notice of his cited statutes and cases would prove that the USPC does not exist and that "they have embezzled $100s of millions of taxpayer's dollars . . . ."

As noted throughout this order, the Magistrate Judge has applied the relevant and applicable law. Further, as a factual matter, the USPC does exist. The Court has reviewed Petitioner's filings and agrees with the recommendation of the Magistrate Judge. Accordingly, this objection is overruled.

In his conclusion, Petitioner requests an evidentiary hearing and fully incorporates his motions for judicial notice and for declaratory judgment into these objections.

As the record before the Court is sufficient to decide this matter, Petitioner has failed to demonstrate that an evidentiary hearing is necessary. Thus, this objection is overruled.

## **CONCLUSION**

Based on the foregoing, the Court agrees with the recommendation of the Magistrate Judge. Accordingly, Respondent's motion [19] is **GRANTED**, the petition for writ of habeas corpus is **DENIED**, and the petition is **DISMISSED** without prejudice. Petitioner's Motions for Hearing Pursuant to Rule 201(d) and (e) [18, 25, 33, 54], Emergency Motion for Limited Hearing [32], Motion for Warden to Issue the Certificate of Discharge [43] and Emergency Motion to Expediate Case and For Declaratory Judgment [55] are **DENIED as MOOT**.

IT IS SO ORDERED.

                                            s/ Donald C. Coggins, Jr.
                                            United States District Judge

March 5, 2025
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.